UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:                                              Case No. 13-36434

    DILLER, Heather                          Chapter 7

    Debtor(s).

_____/

MOTION TO RECONSIDER MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY AT DE 14 & 16

*Counsel for the Debtor apologizes to the Court for their part in what could only be described as a disappointing legal performance during the evidentiary hearing. While the Court was left with little evidence from which to determine the value of the property, the Court chose to rely upon a specific comparable described during testimony. Additional evidence demonstrates that this property is not an appropriate comparable. In fact, the testimony of both expert appraisers as to the importance of condition, the lack of clarity on this fact and the arguments of Counsel suggested that a substantial risk was present in relying solely on the single property. The Debtor moves this Court to enter an order providing for a rehearing on this matter before the Court.*

COMES NOW, the Debtor, by and through the Undersigned Counsel, files her Motion to Reconsider her Motions To Value And Determine Secured Status Of Lien On Real Property (DE. 14 & 16) pursuant to Fed. R. Bankr. P. 9023 or, in the alternative, Fed. R. Bankr. P. 9024, and as grounds states as follows:

1. The Debtor filed her Voluntary Petition for Chapter 7 Bankruptcy relief on October 31, 2013.

2. The Debtor filed two Motions to Value (D.E. 14 and 16 respectively), attempting to strip the secured status from Liens held by the Master Homeowner's Association and the Sub Homeowner's Association.

3. On May 5, 2014 the Court held an evidentiary hearing regarding the Motions to Value.

4. On May 7, 2014 the Court issued an Order denying the Motions to Value, finding the Value of the Debtor's property was $189,900 at the time of filing.

5. On Schedule D of the Debtor's Petition, DE #1, attached herein as Exhibit A, the Debtor scheduled the amount owed to the first mortgage holder as $184,704.57. During the hearing the Debtor indicated that this amount was likely somewhat higher, that she remains in the modification process and believed that in February, she owed at least $190,000 on this instrument.

6. Upon the record, the Court indicated reliance upon a single comparable discussed during Oral Testimony by both appraisers as the basis of its opinion as to value. The Court found that this single comparable was a stronger basis than the debtor's appraisal report and expert testimony.

7. It is important to note that the appraisers differed upon the efficacy of the comparable, but neither suggested that reliance upon it alone was sufficient to establish value. Both appraisers agreed that reliance on the comparable also was outside of industry practices.

8. The Court opined that the evidence before it was insufficient to suggest that two substantially similar properties could vary in valuation over the given time frames to sway the Court in finding that the Debtor had met its burden to strip the lien.

9. In offering their opinions, neither expert relied exclusively upon a single comparable but instead applied techniques to infer value from multiple comparables, a technique generally regarded as appropriate.

10. Given that the Court chose to rely upon the given comparable as a point of compelling evidence, the Debtor asserts that previously unavailable evidence that demonstrates substantial differences between the Debtor's Unit and the "comparable" sale relied upon by the Court exists. That given the intention of both parties to rely upon expert testimony in both direct and impeachment efforts, the Debtor's properly conducted a diligent preparation in offering the expert to the Court.

11. The material contained within the Multiple Listing Report, attached as Exhibit B, represents new evidence and demonstrates that the relied upon comparable property actually is substantially different. Further, that these differences would be obvious to even the lay observer.

12. While the creditor's expert testified as to not relying exclusively upon the selection of the single comparable, he also indicated he most likely reviewed the MLS information, but did not recall how it compared.

13. The Debtor's property is currently in disrepair, as no improvements have been made while the family faced divorce, ongoing financial hardship and the Debtor's bankruptcy filing. All fixtures and furnishings within the home are original, builder's grade materials.

14. The Broker Professional Opinion attached to the Motions to Value and included herein as Exhibit C, includes pictures which illustrate the condition of the Debtor's property.

15. A review of Exhibit B and Exhibit C on a side by side basis suggests to even the most novice of observers that the homes are NOT comparable. Specifically that

visible upgrades totaling well in excess of the $5,195.43 security interest established by the Court are visible, and include:

    a. ***Kitchen:*** The comparable demonstrates substantially upgraded kitchen including improved countertops, appliances and cabinets.

    b. ***Flooring:*** The Debtor's residence lacks flooring in one room and has original flooring throughout. The Comparable demonstrates upgrades to the flooring throughout.

    c. ***Lighting:*** The listing report demonstrates that the comparable has upgraded lighting "high hats", and the pictures demonstrate upgraded track lighting.

    d. ***Air Conditioner:*** The listing report demonstrates "newer A C" while the debtor's home has the original air conditioning unit.

    e. ***Bathrooms*:** The pictures demonstrate that the comparable had well maintained and upgraded bathroom areas while the debtor's residence shows bathrooms with original cabinets and in disrepair.

16. The actual report containing the described comparable was not entered into evidence during the hearing. Instead, the Court was limited to relying upon testimony as to the similar nature of the property as asserted by the two experts.

17. The Court did not comment as to the credibility of either expert, or the report that was entered into evidence.

18. Allowing this order to stand creates a manifest injustice to the Debtor who has watched as a settled payment amount has blossomed into tens of thousands of dollars in fees, and creates a significant windfall for the Lien Holders who

continue to pursue substantial rights beyond the HOA fees which are the true basis of their claims.

WHEREFORE, the Debtor, Heather Diller, by and through the undersigned Counsel, prays this honorable Court Grant the Motion to Reconsider and Set a new evidentiary hearing, allowing for the Court to determine the case based upon the new evidence which more fully and accurately characterizes the testimony heard by the Court, and for any and all other relief as is just and appropriate.

### Memorandum of Law

Fed. R. Civ. P. 59, made applicable in this case by Fed. R. Bankr. P. 9023, provides that a court may grant a motion to alter or amend an order or judgment if the movant presents: (1) newly discovered evidence that was not available at the time of trial, or (2) evidence in the record that clearly establishes manifest error of law or fact. *In Re Panella* (Case No. 10-30306-EPK) (citing Kellogg v. Schreiber (In re Kellogg), 197 F.3d 1116, 1119 (11th Cir. 1999) (citing *In re Investors Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994))).

Courts have stated a motion for reconsideration under Rule 9023, applying Fed. R. Civ. P. 59(e), may be granted on four grounds: (1) the judgment is based upon manifest errors of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) amendment is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. (*In re Arden Properties, Inc.,* 248 B.R. 164 (Bankr. D. Ariz. 2000); see also *In re Prince*, 85 F.3d 314, 36 (7th Cir. 1996), cert. denied, 519 U.S. 1040 (1996).

Federal Rule of Bankruptcy Procedure 9024, applying Federal Rule of Civil Procedure 60, allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Bankr.Pro. 9024 (applying Fed.R.Civ.P. 60(b)); *Drake v. Dennis,* 209 B.R. 20, 25 (Bankr.S.D.Ga.1996). Rule 60(b)seeks "preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970).

The Middle District of Florida, in *In re Stewart*, 280 B.R. 268, 287 (Bankr. M.D. Fla. 2001), stated that a motion for reconsideration should "demonstrate why the court should reexamine its prior decision, and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998) (citing *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). Furthermore, the Middle District of Florida has stated that a motion for reconsideration should be based on one of three grounds: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear and manifest injustice. See, *In re Envirocon Int'l Corp.,* 218 B.R. at 979 (citing *Kern-Tulare Water District v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986)).

It must be noted that reconsideration of an order under Rule 59(e) "is an extraordinary remedy to be employed sparingly." See *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994); *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1073(M.D.Fla.1993). "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory...[or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." See *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir.2000) (*quoting In re Halko*, 203 B.R. 668, 671-672 (Bankr.N.D.Ill.1996)). Thus, the Movant may not use a Rule 59(e) motion to raise arguments available but not advanced in the papers. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1120 (11th Cir. 1999) (citing *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir.1998)). Although Rule 59(e) does not delineate the available grounds for relief under that section, courts have generally granted relief to (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. *Sussman*, 153 F.R.D. 689, 694; *Morris v. United States*, 1998 U.S. Dist. 14046 (M.D.Fla.1998); *Firestone v. Firestone,* 76 F.3d 1205(D.C.Cir.1996).

For the Debtor to prevail on the Motion for Reconsideration it must demonstrate a justification so compelling that this Court will be required to vacate its order. See *Thompson v.Hicks*, 213 Fed. Appx. 939, 941 (11th Cir. 2007), cert. denied, 128 S. Ct. 492(Oct. 29, 2007); In this case new evidence showing substantially discrepancies between the Debtor's property and the property relied upon by the judge as the standard to be significant. As the judge has noted this is a case whereby the numbers at issue were

very close. Minor differences in the property could result in the Creditor's claim being classified as secured or unsecured. The Court held the value of the property to be secured based upon a comparison to a unit contained in an appraisal which was not entered into evidence. This unit has substantial upgrades which increase the value of that unit. The Debtor's property when compared is substantially aged and in worse overall condition. As such the value of $189,900 for the Debtor's property based upon the substantially upgraded unit is a clear error and places the Debtor in a position where wholly unsecured liens are given secured status. This improper categorization is a manifest injustice upon the Debtor, and as such should be relitigated as to reach a just outcome.

Rule 59(e) is sparingly used, as it should be, however the law is in place for a reason. The existence of Rule 59 shows that there are instances when reconsideration is appropriate. There can be no greater circumstances which require reconsideration than a case where new evidence reveals the Court has made an error which so substantially negatively impacts a debtor.

Respectfully submitted, this 16th Day of May 2014, by

/S/ Angelo A Gasparri
Angelo A. Gasparri, Esq. (FBN 32158)
Attorney for Debtor
1080 S. Federal Highway
Boynton Beach FL 33435
Phone:  561-826-8986
Fax:  561-935-9706
Email:  angelo@drlclaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was filed and sent this 16th Day of May, 2014, using the CM/ECF electronic service which sent email notification of such filing to all CM/ECF participants who have made an appearance in this case, and by Certified Mail Return Receipt to all parties of interest, including representatives of the lien holders that are a subject of this motion. I further certify that a copy containing color images of the exhibits was emailed to opposing Counsel and to the Court's Chambers at Cindy_Klopp@flsb.uscourts.gov.

/s/ Angelo Gasparri
Angelo A. Gasparri, Esq.
1080 S Federal Highway
Boynton Beach FL 33435
Florida Bar No. 032158